In these two cases of similar fact patterns, plaintiffs come before the court seeking compensation for lost earnings allegedly suffered as a result of defendant’s failure to consummate a contract for sale of land. Both contracts were entered into between the respective plaintiffs and defendant, on February 2, 1981. Neither contains any fixed date for passing papers. Plaintiffs filed suit on March 30, 1981. Performance of these contracts was completed on April 7, *856 1981. Defendant, on November 27,1981, moved this court to dismiss plaintiffs’ petitions as moot or, in the alternative, to grant summary judgment to defendant. To date, plaintiffs have not responded to defendant’s motion.
Plaintiffs’ claims for breach of contract damages is clearly moot. Powell v. McCormack, 395 U.S. 486 (1969). Defendant has fully performed the contracts and, as such, has forestalled any claim for breach of contract.
Plaintiffs could perhaps have argued that they are entitled to be compensated for lost earnings between February 2, 1981, and April 7, 1981, but only if the delay was unreasonable. Defendant, however, maintains that plaintiffs are, in reality, seeking interest on the purchase price. Because neither contract nor statute provides for the payment of interest, defendant continues, this court is precluded from awarding damages in the nature of interest. 28 U.S.C. § 2516(a).
We agree. Plaintiffs are not asking this court to measure damages on the basis of the difference between the contract purchase price and an actual purchase price paid by a willing buyer. Instead, plaintiffs would have this court assess damages at a flat rate for each day of delay. This request clearly looks and sounds like a request for interest. In the instant case, section 2516(a) of Title 28 clearly bars such an award. Moreover, this court has repeatedly interpreted the bar imposed by § 2516(a) by holding that claims for interest on delayed payments by the government are precluded by § 2516(a). Dravo Corp. v. United States, 219 Ct.Cl. 416, 594 F.2d 842 (1979); Framlau v. United States, 215 Ct.Cl. 185, 568 F.2d 687 (1977). Plaintiffs’ claim for interest on the delayed payment of the purchase price by the government is similarly barred. If the claim is not for interest, it is for speculative or consequential damages of a nature not explained. The government’s 2-month delay in completing performance on the contract does not appear unreasonable, in the absence of an earlier stated performance date. Considering the circumstances, which defendant has fully explained, the delay seems to be completely reasonable, and hardly indeed to require an explanation. In claiming damages for delay, plaintiffs anticipated a situation that did not arise. In the circumstances described to us, *857 plaintiffs may have felt performance at any time was in jeopardy and intended the suits to function as a sort of substitute for a bill for specific performance. We do not even know if they wish defendant’s motion to be denied, the circumstances that existed when they filed the petitions having so materially altered.
Accordingly, on consideration of the government’s brief, and without oral argument, defendant’s motion to dismiss as moot is granted. The petitions are dismissed.